The Chief Justice
delivered the opinion of the court.
This is a controversy for land claimed in virtue of adverse titles. The appellants, who were defendants in the circuit court, relying exclusively upon their elder grant, it will only be necessary to investigate the validity of the entry under which the appellee, who was complainant in that court, claims.
It is an entry of 400 acres in the name of Samuel M’Dowell, bearing date the 6th of December, 1782, and calls to lie “on the waters of the south fork of Elkhorn, about “six miles below Lexington, bounded by Andrew Steele’s “settlement on the south, and David Vance and Robert “Thompson’s pre-emptions on the north."
Previous to the date of this entry, Steele had obtained from the commissioners a certificate for a settlement of 400 acres "for raising a crop of corn in the country in 1776,” and had entered the same with the surveyor; and Vance and Thompson had each obtained a certificate for a pre-emption of 1000; the former of whom had entered his pre emption with the surveyor.
The objects called for in both these pre-emptions are satisfactorily established, as well in respect to their notoriety as their identity. But to sustain M’Dowell’s entry, it is also necessary, according to the principles settled by the repealed decisions of this court, that the objects called for by Steele’s certificate and entry should be established; and this we apprehend is not sufficiently done by the evidence in the record.
The certificate and entry both call for “lying about two “miles up from the mouth of Steele’s run, waters of the “south fork of Elkhorn, to include a large rocky spring and “his improvement.”
Steele’s run, it must be admitted, is not only identified, but is proven to have been generally known in its vicinity by that name prior to the date of Steele’s certificate, and a rocky spring, which flows into this run, is shewn by the complainant as the one intended by Steele’s certificate and entry. But at the distance of about half a mile therefrom there is another spring, which also discharges itself into Steele’s run, and is claimed by the defendants as the one intended by Steele’s certificate and entry. This latter is *185 proven to have been called a rocky spring, and from the description given of it by the witnesses, it was evidently not inaptly so denominated. At each of these springs there was an improvement, but neither of the improvements had acquired a general reputation of being Steele’s; nor had either of them any marks by which it could be known to belong to him. He claimed both, some times alledging the one, and some times the other, as the object of his location. His declarations, however, cannot be used to restrain the location at either place in preference to the other.
An entry which could be sustained at two places is bad for uncertainty. 1 Marsh. 615, acc.
Bibb for appellant, Haggin for appellees.
The only legitimate source to which we can look for his intention, is the description he has given in the certificate and entry, and that corresponds with either of the springs and improvements. The proof is clearly sufficient to sustain the location at either of the springs, if there had been but one; and an entry which might be sustained at any one of several places, in the absence of the others, must be deemed had for uncertainty.
The decree reversed with costs, and the cause remanded, that the bill may be dismissed with costs.